Richard W. Raynor (SBN 162289)
LAW OFFICE OF RICHARD W. RAYNOR
409 N. Pacific Coast Highway, Suite 280
Redondo Beach, California 90277
Tel.: (424)257-0284
Fax: (424)258-9462
e-mail: richard@richardraynor.com
Attorney for Defendant
Moises Villalobos

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | Case No. 2:17-cr-00278-ODW |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE OF MURDERS CHARGED IN THE *CRUZ-HERNANDEZ* INDICTMENT, BUT NOT CHARGED OR ALLEGED HERE |
| vs. | |
| Jose Balmore Romero, et al, (Moises Villalobos # 2) (Joffri Molina # 14) | |
| Defendants. | Trial Date:     May 10, 2022<br>Hearing Date: January 31, 2022<br>Hearing Time: 10:00 a.m.<br>Ctrm:           5D |

Defendants, Moises Villalobos, through his counsel Richard Raynor, and Joffri Molina, through his counsel Carlos Iriarte, hereby move for an in limine ruling excluding evidence of murders not charged or alleged in this Indictment but instead only alleged in the third superseding indictment in *United States v. Cruz-Hernandez*, 2:19-cr-00117-ODW. This motion is made pursuant to Federal Rules of Evidence 401, 402, 403, 404(b), the 5th and 6th Amendments to the United States Constitution, the

MOTION TO EXCLUDE UNCHARGED MURDER EVIDENCE  1

files and records in this case, the attached Memorandum of Points and Authorities, and any additional argument that may be presented at or before the hearing on this motion.

Dated: December 23, 2021

Respectfully Submitted,

_/S/   Richard W. Raynor_
RICHARD W. RAYNOR
Attorney for Defendant
MOISES VILLALOBOS

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **INTRODUCTION:**

By this motion, defendants Moises Villalobos and Joffri Molina seek to limit the murder evidence introduced in the trial against them to those three murders alleged in the indictment, and to exclude evidence of other murders only alleged in *United States v. Cruz-Hernandez*, 2:19-cr-00117-ODW.

Moises Villalobos is charged in the Indictment in Count 1 with RICO conspiracy, in Count 7 with VICAR attempted murder, Count 16 with drug conspiracy, and Count 35 with Use of a Firearm in connection with a crime of violence (referencing Counts 1 and 7). Although Mr. Villalobos is not charged with VICAR murder, he is charged with RICO conspiracy, with overt acts alleging his involvement in the following three (3) murders:

1) the August 15, 2015 killing of E.M. outside the Little San Salvador restaurant in the Hollywood area of Los Angeles (L.S.S. murder);

2) the August 30, 2015 killing of D.G. near a shopping center in the Panorama City area of the San Fernando Valley (Mission murder); and

3) the September 27, 2015 killing of J.R. outside of an apartment building on Kittridge Street in North Hollywood (Kittridge murder).

Joffri Molina is charged in Count 1 with RICO conspiracy, in Count 14 with VICAR murder (the Kittridge murder), and Count 38 with Use of a Firearm in

connection with that alleged murder. The government has also alleged that Mr. Molina was involved in the L.S.S. murder.

The government has now advised that it intends to introduce evidence in the trial of Mr. Villalobos and Mr. Molina of at least one homicide charged not in this indictment, but only alleged in the Third Superseding Indictment of *United States v. Cruz-Hernandez*, 2:19-cr-00117-ODW. Specifically, the government has stated that it intends to prove Mr. Molina's involvement in the September 24, 2016 murder of S.O.M. in El Monte, California which murder is alleged as overt acts 21-28 on the RICO conspiracy charge in that indictment in *Cruz-Hernandez*. That murder is alleged to be an execution style murder in which the victim was lured to a location and shot in the back of the head. Of the ten other murders alleged in the *Cruz-Hernandez* indictment, five are alleged to have been committed in an especially heinous, cruel, or depraved manner involving torture or serious physical abuse.

When the government was recently asked if it would seek to introduce evidence of any other murders from the *Cruz-Hernandez* indictments in the trial of Mr. Villalobos and Mr. Molina, the government responded that it has not yet decided whether or not it will seek to do so.

The indictment here already involves three murders alleged to involve Mr. Villalobos, and two murders alleged to involve Mr. Molina. There are a number of reasons why this Court should enter an order now, excluding evidence of the uncharged murders, which reasons include:

1. The connection of Mr. Villalobos and/or Mr. Molina to the uncharged murders is tenuous at best, such that there is little or no probative value to introduction of the evidence (Fed. R. Evid., Rules 401/403);

2. The *Cruz-Hernandez* indictments do not allege that Mr. Villalobos or Mr. Molina were either the persons to direct the commission of murders or to actually kill the victims, but instead it alleges that defendants in that other indictment carried out those roles;

3. To the extent that the uncharged murders are other crimes evidence, the government has failed to provide sufficient notice under 404(b), having only recently disclosed its intent to introduce evidence of the S.O.M. murder, and still not yet disclosing its intent to introduce evidence of other murders such that defendants will have a fair opportunity to meet that evidence (Fed. R. Evid., Rule 404);

4. If there is any probative value to such uncharged murders as against Mr. Villalobos and/or Mr. Molina, such value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence (Fed. R. Evid., Rule 403);

5. The Fifth and Sixth Amendment rights to a fair trial and to be given fair notice of the nature and cause of the accusations have not been satisfied where the government may seek to prove up uncharged and unspecified murders against Mr. Villalobos and/or Mr. Molina;

6. Such order should be granted now, well in advance of trial, so that the defense teams don't need to waste time and CJA resources preparing to meet evidence that may not be introduced at trial anyway, and because other motions, such as motions to sever, are likely to be greatly affected by the ruling on this motion.

II. ARGUMENT:

Mr. Villalobos and Mr. Molina object to the introduction of uncharged murder evidence in the trial against them because they are not charged with those murders, they have not been told which murders the government will prove (except notification

about the S.O.M. murder), and such evidence would be unfair if presented in this case. Mr. Villalobos and Mr. Molina should be tried on those allegations that were presented to the grand jury on this indictment, not on charges alleged against other defendants on another indictment.

### A. EVIDENCE OF OTHER MURDERS NOT CHARGED AGAINST MR. VILLALOBOS OR MR. MOLINA ARE INADMISSIBLE CHARACTER EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404

The Federal Rules of Evidence "prohibit the admission of a person's character 'for the purpose of proving action in conformity therewith on a particular occasion.'" *United States v. Luna*, 21 F.3d 874, 878 (9th Cir. 1994)(citing Rule 404(a)). Accord (*United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1015 (9th Cir. 1995)("bad act evidence cannot be used to prove a defendant's propensity to commit a crime"). In the view of the Ninth Circuit:

> "Extrinsic act evidence is not looked upon with favor." We have stated that "[o]ur reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is." Thus, "guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

*Vizcarra-Martinez*, 66 F.3d at 1014-15 (emphasis added)(reversing conviction because "other act" evidence concerning defendant's personal use of methamphetamine had no "logical connection," i.e., no relevance, to establishing whether he intended to use chemicals to manufacture methamphetamine, and its

introduction was prejudicial).  The burden of establishing the "logical connection," or relevance, of any "other act" evidence falls upon the party wishing to introduce it.  Id. at 1014.  Accord *United States v. Brook*, 4 F.3d 1480, 1483 (9th Cir. 1993)("'specifically, [the government] must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence'")(citation omitted).  Moreover, even if "other act" evidence is shown to have probative value it is still inadmissible if its introduction is unduly prejudicial.  *Luna*, 21 F.3d at 878 (citing Rule 403).

Although extrinsic evidence may be relevant to admission on issues such as motive or intent, the government must first articulate precisely the evidentiary hypothesis by which a relevant fact may be inferred.  *United States v. Merhmansch*, 689 F.2d 822, 830 (9th Cir. 1982); *United States v. Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993).  Because of the obvious temptation to introduce inadmissible character evidence by claiming some legitimate purpose, the Ninth Circuit has held that 404(b) evidence "is not looked upon with favor" and "must be narrowly circumscribed and limited."  *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1995).

In order to be admissible, the government must first show that the other-acts evidence satisfies the following requirements:

1) Evidence of the other conduct tends to prove an element of the charged offense that is a material issue in the case;

    2)  The other conduct is similar to the offense charged;

    3)  The evidence is sufficient to support a finding by the jury that the defendant committed the other act;

    4)  The probative value is not substantially outweighed by the danger of unfair prejudice; and

    5)  The other act was not too remote in time.

*United States v. Brown*, 880 F.2d 1012 (9th Cir. 1989).  See also, *United States v. Howser*, 929 F.2d 1369, 1373 (9th Cir. 1990).

    Here, most of these factors favor exclusion.  The uncharged S.O.M. only has an uncorroborated connection to Mr. Molina.  The allegations of murders in the indictment here are limited to a two month period in August and September 2015, whereas the E.O.M. homicide occurred a year later in 2016.  Also, Mr. Molina's purported involvement in the E.O.M. homicide (aiding and abetting) is not similar to his alleged involvement in the Kittridge homicide (as shooter).  Also, the purported E.O.M. evidence against Mr. Molina's does not establish a connection to his alleged co-participants in the indictment here.

    As to the other *Cruz-Hernandez* murders, these factors clearly weigh against admissibility as there is no direct link between conduct of Mr. Villalobos and/or Mr. Molina and any of the other uncharged murders from the *Cruz-Hernandez* indictments.

B.     **EVEN IF THE UNCHARGED MURDER EVIDENCE HAD SOME EVIDENTIARY VALUE ON THE ISSUE OF PROVING A RICO CONSPIRACY OR PROVING AN ENTERPISE, ANY SUCH PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY NUMEROUS RULE 403 FACTORS**

Federal Rules of Evidence Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, evidence of the uncharged murders has very little probative value. As to the S.O.M. murder, Mr. Molina is not purported to be the person who directed the shooting, nor the person who was the shooter. The purported connection of Mr. Molina to the S.O.M. homicide is dubious, and not corroborated. At one point the government suggested that Mr. Molina may have been involved in one other homicide, but the government has not identified such other homicide. The government has no other evidence linking Mr. Molina to any of the other homicides from the *Cruz-Hernandez* indictments. No evidence links Mr. Villalobos directly to any homicide from the *Cruz-Hernandez* indictments.

But allowing the introduction of this uncharged murder evidence would be unfairly prejudicial. There is nothing about the purported conduct that would make it like a signature that helps prove identity. It is more likely that this evidence would merely confuse and mislead the jury. The jury could only misuse this evidence as

propensity evidence. Also, presentation of this evidence, and the cross examination to rebut this uncharged evidence would greatly expand the scope of the trial, and necessary cross examination. This uncharged murder evidence is not some small addition of details beyond a barebones indictment; instead it would involve the proof and defense of murders charged against other defendants in another indictment. Therefore, many of the Rule 403 considerations favor exclusion of the uncharged murder evidence.

III. CONCLUSION:

Based upon the foregoing, defendants, Moises Villalobos and Joffri Molina, respectfully requests that this Court order that evidence of these uncharged murders be excluded from the trial of Mr. Villalobos and Mr. Molina on this indictment.

Dated: December 23, 2021                                   Respectfully Submitted,

                                                      /S/   *Richard W. Raynor*
                                            RICHARD W. RAYNOR
                                            Attorney for Defendant
                                            MOISES VILLALOBOS