TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOANNA M. CURTIS (Cal. Bar No. 203151)
Assistant United States Attorney
Chief, Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0298
    Facsimile: (213) 894-3713
    E-mail:   joanna.curtis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>MOISES VILLALOBOS,<br>  aka "Guerillero,"<br><br>    Defendant. | No. CR 17-278-ODW-2<br><br>PLEA AGREEMENT FOR DEFENDANT <u>MOISES VILLALOBOS</u> |

    1.   This constitutes the plea agreement between Moises Villalobos, also known as "Guerillero" ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

    2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines

that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 23 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 26 and 27 below, will control, with the result that defendant will not be able to withdraw any guilty pleas entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

## DEFENDANT'S OBLIGATIONS

3. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the Indictment in <u>United States v. Balmore Romero, et al.</u>, CR No. 17-278-ODW-2, which charges defendant with Racketeer Influenced and Corrupt Organizations ("RICO") Conspiracy, in violation of 18 U.S.C. § 1962(d).

    b. Not contest facts agreed to in this agreement.

    c. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 18 of this agreement.

   d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

   h. At or before the time of sentencing, satisfy any and all restitution/fine obligations based on ability to pay by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount ordered and reflected in the judgment, to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution/fine balance. Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, 11th Floor, Los Angeles, California 90012.

   i. Ability to pay shall be assessed based on the Financial Disclosure Statement, referenced below, and all other relevant information relating to ability to pay.

   j. Defendant agrees that any and all restitution/fine obligations ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by

which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

    k. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

    l. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

    m. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

4. Agree to and not oppose the imposition of the following condition of supervised release: defendant shall submit to suspicionless searches of defendant's person, residence, and vehicle.

## THE USAO'S OBLIGATIONS

5. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 18 of this agreement.

    c. At the time of sentencing, move to dismiss the remaining counts of the Indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

4

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense[s] up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      e.    Recommend a three-level downward variance on account of the factors set forth in 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

6.    Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, Racketeer Influenced and Corrupt Organizations ("RICO") Conspiracy, in violation of 18 U.S.C. § 1962(d), the following must be true:

      1.    An agreement existed between two or more persons employed by or associated with an enterprise that would have affected interstate or foreign commerce, to conduct or participate, either directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity;

      2.    Defendant joined or became a member of the agreement with knowledge of its purpose;

      3.    Defendant agreed that someone, not necessarily defendant, would commit at least two acts of racketeering in furtherance of the conspiracy.

7.    An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

8.    "Racketeering activity" includes any act or threat involving murder which is chargeable under state law and punishable by imprisonment for more than one year; and any offense involving

5

dealing in a controlled substance in violation of 21 U.S.C. §§ 846, 841.

9.   A "pattern of racketeering activity" is at least two acts of racketeering activity, the last of which occurred within ten years after the commission of a prior act of racketeering.  To establish a pattern, the acts of racketeering activity must have a "nexus" to the enterprise and be related, i.e., criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated.  The acts of racketeering activity themselves must either extend over a substantial period of time or they must pose a threat of continued criminal activity. Defendant admits that defendant agreed that defendant or a co-conspirator would commit at least two acts of racketeering activity and is, in fact, guilty of this offense as described in Count One of the Indictment.

## PENALTIES AND RESTITUTION

10.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1962(d) is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and

7

that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

### FACTUAL BASIS

14. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Throughout the period described in the Indictment, MS-13, including its leaders, members, and associates, constituted an enterprise, that is, a group of individuals associated in fact, although not a legal entity, which was engaged in, and the activities of which affected interstate and foreign commerce.

MS-13's Fulton clique controlled areas within the San Fernando Valley of Los Angeles, California, including Van Nuys, North Hollywood, and Panorama City. The Fulton clique's strongholds included Whitsett Park and the wash area, located at the entrance to the Los Angeles riverbed at Fulton Avenue and Vanowen Street, both in North Hollywood.

Beginning in at least 2015, defendant was an MS-13 member of the Fulton clique in Los Angeles, California, whose members engaged in,

8

among other things, acts involving murder, trafficking in narcotics, and possessing dangerous weapons.  Defendant conspired and agreed with MS-13 Fulton clique members and associates that a conspirator would commit at least two racketeering acts, to include murders, attempted murders, and drug trafficking, which acts had a relationship to one another and MS-13, and posed a threat of continued criminal activity.  Defendant became a member of this conspiracy and agreement knowing of its purpose, knowing it was illegal, and intended to help accomplish it.

In furtherance of the racketeering conspiracy, on August 9, 2015, defendant and conspirators went to the Cali Viejo Restaurant, within MS-13's territory.  After an altercation occurred inside the restaurant, security asked defendant and everyone in his party to leave the restaurant.  Before leaving the restaurant, defendant asked a conspirator grab a backpack from a table that defendant knew contained a firearm.  Another conspirator grabbed the backpack, removed the firearm, and shot at a rival gang member.

On or about August 15, 2015, defendant and conspirators went to the Little San Salvador Nightclub and Restaurant, within MS-13's territory, wherein conspirators stabbed a victim and shot and killed another victim.

On or about September 6, 2015, defendant and a conspirator exchanged text messages whereby the conspirator asked for defendant's permission to "remove" more rival gang members from the shopping center where the conspirator shot and killed a rival gang member on August 30, 2015.

On or about September 27, 2015, defendant and a conspirator met with a MS-13 member who was cooperating with law enforcement and

9

discussed that the Fulton clique had a green light, or order to kill, a Fulton clique member.

On or about August 14, 2016, at Whitsett Park, defendant told an informant that the conspirator who shot the victim on August 30, 2015 sold the firearm used during the shooting to another conspirator at defendant's direction, because the firearm was "hot," meaning used in a homicide.

## SENTENCING FACTORS AND AGREED-UPON SENTENCE

15. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

16. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 33 | U.S.S.G. § 2A1.5 |
| Variance | -3 | |

17. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

18. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of time served,[1] three years' supervised release with conditions to be fixed

---

[1] As of May 16, 2022, defendant will have served 60 actual months in custody. The Bureau of Prisons ("BOP") now calculates good time credit to conform with the First Step Act. Under the Act, credits are calculated based on the total sentence imposed. If the
*(footnote cont'd on next page)*

10

1  by the Court; and a $100 special assessment. The parties also agree
2  that no prior imprisonment (other than credits that the Bureau of
3  Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against
4  this stipulated sentence, including credit under Sentencing Guideline
5  § 5G1.3.

## WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

---

sentence is 70 months, the low end of the Guidelines' range, the parties calculated that defendant is entitled to 10.5 months' credit. This credit, coupled with 60 months already served, amounts to a 70 month sentence. To avoid defendant overserving his sentence while BOP calculates custodial credits, the parties agreed in paragraph 18 that the appropriate disposition of this case is that the Court impose a custodial sentence of time served.

        g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

20. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, arguments that defendant's Speedy Trial rights were violated, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 18 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

22. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 18 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing

14

occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

28. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

29. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in

paragraphs 18 and 19 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____     April 1, 2022
JOANNA CURTIS                   Date
Assistant United States Attorney

_____     3/31/22
MOISES VILLALOBOS               Date
Defendant

_____    3/31/2022
RICHARD RAYNOR                       Date
Attorney for Defendant MOISES
VILLALOBOS


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    3/31/22
MOISES VILLALOBOS                    Date
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Moises Villalobos's attorney. I have carefully and thoroughly discussed every part of this agreement with my client.

17

Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____   3/31/2022
RICHARD RAYNOR                    Date
Attorney for Defendant MOISES
VILLALOBOS