TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOANNA M. CURTIS (Cal. Bar No. 203151)
Assistant United States Attorney
Chief, Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0298
    Facsimile: (213) 894-3713
    E-mail:  joanna.curtis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-278-ODW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S REQUESTED TERMS FOR JUDGMENT AND CONDITIONS OF SUPERVISED RELEASE FOR DEFENDANT MOISES VILLALOBOS |
| v. | |
| MOISES VILLALOBOS, aka "Guerillero," | Date:    April 27, 2022<br>Time:    10:30 a.m.<br>Ctrm :   Hon. Otis D. Wright, II |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby submits its requested terms for judgment and conditions of supervised release as to defendant Moises Villalobos ("defendant"), who pleaded guilty to Count One of the Indictment, which charges defendant with Racketeer Influenced and Corrupt Organizations ("RICO") Conspiracy, in violation of Title 18, United

States Code, Section 1962(d).  Sentencing is scheduled for April 27, 2022, at 10:00 a.m.  Defendant waived presentence investigation and preparation of a Presentence Investigation Report.

Dated:  April 11, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/Joanna Curtis*
JOANNA M. CURTIS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**REQUESTED TERMS FOR JUDGMENT AND CONDITIONS OF SUPERVISED RELEASE**

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of time already served on Count One.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that defendant has no ability to pay.

Upon release from imprisonment, the defendant shall be placed on supervised release for three years, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. During the period of community supervision, the defendant shall pay the special assessment in accordance with the judgment's orders pertaining to such payment.

3. The defendant shall cooperate in the collection of a DNA sample from himself.

4. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody, and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

5. The defendant shall submit the defendant's person, property, house, residence, vehicle, papers, or other areas under defendant's control, to a suspicionless search and seizure conducted

by a United States Probation Officer or law enforcement officer, with or without a warrant at any time of the day or night by any law enforcement or Probation Officer, with or without cause.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants of his residence that the premises may be subject to searches pursuant to this condition.

    6.   The defendant shall not associate with anyone known to the defendant to be a member of MS-13 and others known to the defendant to be participants in MS-13's criminal activities, with the exception of defendant's family members.  The defendant may not wear, display, use, or possess any gang insignias, emblems, badges, caps, hats, jackets, shoes, or any other clothing that defendant knows evidences affiliation with MS-13, and may not display any signs or gestures that defendant knows evidence his affiliation with MS-13.

    7.   As directed by the Probation Officer, defendant shall not be present in any area known to the defendant to be a location where MS-13 members meet or assemble.

    8.   In addition to the special conditions of supervision imposed, it is hereby ordered that the Standard Conditions of Probation and Supervised Release be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period, or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

    9.   The standard terms and conditions of supervise release include the following:

        a.   The defendant must not commit another federal, state, or local crime;

   b. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence or probation or release from imprisonment, unless otherwise directed by the probation officer;

   c. The defendant must report to the probation office as instructed by the court or probation officer;

   d. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;

   e. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his Fifth Amendment right against self-incrimination as to new criminal conduct;

   f. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;

   g. The defendant must permit the probation officer to contact him at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;

   h. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least 10 days before any change in employment or within 72 hours of an unanticipated change;

    i. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer.  This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;

    j. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

    k. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

    l. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

    m. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without permission of the court; and

    n. The defendant must follow the instruction of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.